***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Glenn with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission had jurisdiction over the subject matter of this case, the parties were properly before the Full Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times herein.
3. St. Paul Fire Marine Insurance Company provided defendant-employer with workers' compensation coverage at all relevant times herein.
4. Plaintiff's average weekly wage was $385.60 per week, yielding a compensation rate of $257.08 at all relevant times herein.
5. The date of plaintiff's alleged injury by accident was July 14, 1999.
6. The parties submitted an indexed and paginated set of medical records marked Stipulated Exhibit 1.
7. The issues to be determined from this hearing are as follows:
 Whether plaintiff sustained an injury by accident while in the course and scope of her employment with defendant-employer?
 If so, what, if any, benefits is plaintiff entitled to receive under the North Carolina Workers' Compensation Act?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty years old and spoke no English. Plaintiff was an undocumented worker. Plaintiff worked for the employer from June 28, 1999, through February 28, 2001. Plaintiff attended three years of high school and performed restaurant work prior to her employment by defendant-employer.
2. The employer manufactured parts for car interiors. Plaintiff's job was to assemble these parts, and her duties included gluing components together, which involved alternating between sitting and standing. On July 14, 1999, plaintiff lifted a bin of parts weighing approximately 15 pounds and immediately experienced an onset of low back pain.
3. Plaintiff presented to ProMed of Salisbury on July 14, 1999, where Dr. David Mobley diagnosed her with a lumbar strain. A clinical examination at that time revealed tenderness and tightness of the muscles of the low back, without neurological problems. Dr. Mobley recommended conservative treatment including medications and warm compresses. Plaintiff returned on July 20, 1999 at which time improvement was noted in her condition. The plaintiff reported doing laundry over the weekend "with bending and lifting and washing and drying clothes" followed by pain.
4. Plaintiff returned to ProMed on July 21, 1999 and was examined by Dr. Ronald Huffman and approved to return to work at light duty on July 22, 1999. On that occasion, plaintiff's clinical examination revealed good range of motion of her back, side to side twisting without difficulty, negative straight leg raising and no neurological symptoms. Plaintiff felt she could return to her regular job. Dr. Mobley examined plaintiff again on July 27, 1999 and approved plaintiff to return to work at regular duty.
5. Plaintiff resumed her regular job on July 27, 1999, working her full shift with overtime as available. Even though plaintiff continued to work her normal position she did so in pain and with the assistance of her co-workers. When she was released by ProMed, she was told that if she did not have any medical insurance that they would not be able to continue to treat her and that she had to return to work.
6. Dr. Baker indicated that plaintiff was unable to work since the date she began treatment with him. Dr. Baker further opined that plaintiff needed additional medical treatment since she was released by ProMed to return to work but has not been able to get the treatment she needed due to a lack of funds.
7. Plaintiff sought treatment at ProMed for the treatment of other injuries which were paid for by insurance, but she did not seek or obtain any treatment of her back condition because she understood that they were not going to give her any further treatment for her back condition unless she was able to pay for the same.
8. Plaintiff did not work on January 9 and 10, 2001 as a result of problems with her back due to her injury of July 14, 1999.
9. On January 15, 2001, plaintiff sought and received treatment for pain in her hip and lower back from Dr. Michael Binder, a chiropractor. Thereafter, plaintiff was seen and treated by Dr. Jeffrey A. Baker, an orthopedic surgeon. Plaintiff returned to work on January 17, 2001 and presented Ms. Poole, the assembly department line leader, with a note from her chiropractor excusing her from work until January 22, 2001.
10. Plaintiff returned to work on January 22, 2001. On January 29, 2001, plaintiff presented Ms. Poole with a note from Dr. Binder dated January 23, 2001, stating plaintiff needed to be on light duty for two weeks while recovering from injuries to her low back sustained in an automobile accident, but plaintiff had not been involved in an automobile accident but her back problems were related to her injury of July 14, 1999. Ms. Poole placed plaintiff on light duty.
11. On February 5, 2001, plaintiff resumed her regular job. She returned to Dr. Binder's office on February 5, 2001 and was assigned work restrictions that the employer could not accommodate.
12. Plaintiff was seen and treated by Dr. Jeffrey Baker, an orthopedic surgeon, on March 9, 2001. She gave a history of injuring herself at work while lifting on July 14, 1999. When initially seen by Dr. Baker, plaintiff was out of work and she had not returned her to work in any position. Dr. Baker opined that plaintiff's condition was related to and caused by her injury of July 14, 1999 and that the plaintiff needed additional medical treatment for the injuries she sustained July 14, 1999.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of her employment and as a direct result of a specific traumatic incident of the work assigned on July 14, 1999. N.C. Gen. Stat. § 97-2(6).
2. As a result of her compensable injury by accident, plaintiff is entitled to temporary total disability compensation at the rate of $257.08 per week for the period beginning February 5, 2001 and continuing until the plaintiff returns to work or until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendant pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19), 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendant shall pay temporary total disability compensation to plaintiff at the rate of $257.08 per week for the period beginning February 5, 2001 and continuing until the plaintiff returns to work or until further Order of the Commission. Compensation due which has accrued shall be paid in a lump sum subject to attorney's fees hereinafter provided.
2. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of the compensable injury for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. A reasonable attorney's fee in the amount of twenty-five percent of the compensation due plaintiff under paragraph one of this award is approved for plaintiff's counsel. Thereafter, every fourth check shall be deducted from the sum due plaintiff and paid directly to his counsel. Consideration and designation of this attorney's fee contemplates that the counsel for plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant/employer.
4. Defendants shall pay the costs of this action.
This the 20th day of November, 2003.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER